LILA EVERETT, Complainant *vs.* JOHN M. ALLEN.

Kennebec.    Opinion November 18, 1925.

*It is error for a presiding Justice in a bastardy proceeding to direct a verdict for respondent on the specific ground that complainant had not shown "constancy in her accusation," the sufficiency of the evidence being a question of fact for the jury.*

On exceptions.   A bastardy proceeding.   At the conclusion of the evidence of the complainant, on motion by the respondent, the presiding Judge directed a verdict of not guilty for the respondent, on the ground that the complainant had not shown that she had been constant in her accusation against the respondent, and complainant excepted.    Other exceptions were taken to the exclusion of certain testimony offered by complainant.   Exception sustained.   New trial granted.

The case fully appears in the opinion.

*Andrews, Nelson & Gardiner*, for complainant.

*Benedict F. Maher*, for respondent.

SITTING:   WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

BARNES, J.   Prosecution of a complaint in bastardy under Chap. 102, R. S., comes to this court on exceptions by complainant to rulings on evidence and to the direction of a verdict in favor of the respondent.    Upon the record it is uncontradicted that complainant was married to Fred Everett in 1908 and, in 1922, had for a year been living apart from her husband, when she met and became acquainted with the respondent.   She continued living in Vienna and her husband in the city of Augusta, until after the child whose paternity is in question was born, on June 10, 1924.

September 27, 1924, she made before a magistrate, as required by statute above cited, a voluntary accusation declaring the respondent to be the father of such child, with such recitals as the law prescribes, and in due season filed in the Superior Court for Kennebec County a

declaration in form sufficient to meet the requirements of the statute in that behalf. At the last April term of the same court trial before a jury was begun, the issue, the paternity of the child.

Complainant and witnesses testified and were subjected to cross-examination by counsel for respondent.

In the course of her testimony complainant was asked certain questions but not permitted to reply thereto, and exceptions were noted for her. Decision upon these rulings need not now be rendered because, at the close of testimony in behalf of complainant, counsel for respondent moved for a directed verdict in behalf of his client, setting forth several grounds, and the court granted the motion, stating to the jury, "I have ruled that the evidence produced by the complainant here lacks one necessary element required by the statute;" and from the transcript of colloquy of court and counsel, in the absence of the jury, we find that the court directed the verdict because not satisfied that complainant had produced evidence to meet the requirement of the statute that a complainant must continue constant in accusation of the paternity of the child.

There was a time when the court considered the qualifications of a woman who presented herself as complainant in a bastardy action, and unless he was satisfied that she had met all the requirements of the statute to qualify her as a witness, it was his duty to refuse her the privilege of testifying. At that time parties to actions generally could not testify in court. The statute specified what the mother of a bastard child must do before the man she accused of the paternity of such child could be put upon trial, and provided that when the complainant had done these acts she might be a witness in the trial.

It was then necessary for the court to inform himself, before admitting complainant as a witness, that she had made full compliance with the terms of the statute. But the legislation of 1864 allowing parties to be witnesses in their own behalf qualifies this woman to recite her story. It was for the jury to determine whether or no she had continued constant in such accusation, and in taking this question from the jury the court erred. The entry must therefore be.

*Exception sustained.*
*New trial granted.*